JUDGE BUCHWALD

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL RESERVE BANK OF NEW YORK, | Civil Action No. 14 CV 10327 |
| Plaintiff, | |
| -against- | **COMPLAINT** |
| THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT IN AND FOR PALM BEACH COUNTY and THE HONORABLE MARTIN H. COLIN, | |
| Defendants. | |

RECEIVED
FEB 19 2014
U.S.D.C. S.D.N.Y.
CASHIERS

By and through undersigned counsel, Plaintiff Federal Reserve Bank of New York (the "New York Fed" ) brings this action seeking a declaratory judgment pursuant to 28 U.S.C. § 2201.

**NATURE OF ACTION**

1.     This action for declaratory relief arises out of an order (the "Order Compelling Production") entered on January 29, 2014 in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida. *See* Ex. A. The Order Compelling Production purports to enforce a third-party subpoena the New York Fed received on January 22, 2013 (the "Florida Subpoena").

2.     The Florida Subpoena was issued by the plaintiff in a long-running litigation pending before the Probate Division of the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County titled *Tatlici v. Tatlici*, No. 09-030873.  It seeks documents relating to

funds transfers through the Fedwire Funds Transfer System ("Fedwire Funds") and deposition testimony from a New York Fed records custodian.  *See* Ex. B.

3.  As detailed below, in communications with counsel for the *Tatlici* plaintiff, the New York Fed objected to the Florida Subpoena on numerous grounds, most notably that the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County lacks personal jurisdiction.  The New York Fed has no offices or employees in Florida, conducts no business in the state, and has no contacts with it.

4.  The Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County also lacks subject matter jurisdiction.  The New York Fed is a federal instrumentality, *see Starr Intern. Co. v. Federal Reserve Bank of New York*, ___ F.3d ___, 2014 WL 305185 (2d. Cir. Jan. 29, 2014), and it operates Fedwire Funds pursuant to a federal statutory scheme.  *See* 12 C.F.R. §§ 210.25 *et seq.*  A state court cannot exercise jurisdiction to control the manner in which a federal instrumentality "performs or attempts to perform its functions and duties under . . . [a] federal statute."  *Armand Schmoll, Inc. v. Federal Reserve Bank of New York*, 286 N.Y. 503, 509 (N.Y. 1941).

5.  Counsel for the *Tatlici* plaintiff seemed to concede the jurisdictional issue in May 2013, when he issued a second, otherwise identical subpoena under New York Civil Practice Law and Rules ("CPLR") § 3119 on May 10, 2013 (the "New York Subpoena").  *See* Ex. C. The New York Fed objected to the New York Subpoena on the ground that the information sought was readily available from other sources and compliance would pose an undue burden on the New York Fed.  Counsel threatened to enforce the New York Subpoena, but has taken no action to do so.

6.     Despite having recognized the jurisdictional problems with the Florida Subpoena, however, counsel for the *Tatlici* plaintiff filed a motion to compel compliance with it in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County.  The Honorable Martin H. Colin, a judge assigned to the Probate Division of that court before and whom the *Tatlici* matter is pending, granted the motion and entered the Order Compelling Production on January 29, 2014.  *See* Ex. A.

7.     The New York Fed now comes before this Court seeking a declaratory judgment that the Order Compelling Production is without legal effect because the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County did not have personal jurisdiction over the New York Fed or subject matter jurisdiction over a federal instrumentality operating pursuant to federal statute.

## PARTIES

8.     Plaintiff New York Fed is a federally-chartered corporation carrying out functions delineated in the Federal Reserve Act of 1913, 12 U.S.C. §§ 221 *et seq.*  While it performs certain governmental functions under delegated authority from the Board of Governors of the Federal Reserve System, a federal agency, it is a federal instrumentality – not a federal agency itself.  *See Starr*, 2014 WL 305185 at *3-4.  Under the Federal Reserve Act, the New York Fed is a self-funded, federally-chartered corporation, owned by shareholder banks and operating under the "supervision and control" of an independent board of directors.  *See* 12 U.S.C. § 301. The New York Fed maintains its headquarters in New York County and operates a satellite facility in northern New Jersey.  It serves the Second Federal Reserve District, which includes all of New York state, portions of New Jersey and Connecticut, Puerto Rico, and the U.S. Virgin Islands.  The New York Fed's activities occur only in those jurisdictions.  The New York Fed

3

has no offices or employees in Florida, conducts no business there, and has no contacts with the state whatsoever.

9.      Upon information and belief, Defendant Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County is a Florida state court organized pursuant to FLA. STAT. ANN. §§ 26.01 *et seq.*  The case of *Mehmet Tatlici v. Nurten Tatlici and Ugur Tatlici*, No. 09-030873, in connection with which the New York Fed received the Florida Subpoena and the New York Subpoena, is currently pending in the court.

10.      Upon information and belief, Defendant the Honorable Martin H. Colin is a Florida state judge currently sitting on the Probate Division of the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida.  The case of *Mehmet Tatlici v. Nurten Tatlici and Ugur Tatlici*, No. 09-030873 is assigned to Judge Colin.  Judge Colin signed the Order Compelling Production.

**JURISDICTION AND VENUE**

11.      United States District Courts have original subject matter jurisdiction over "all suits of a civil nature at common law or in equity to which any Federal Reserve bank [is] a party."  12 U.S.C. § 632.  The Bank is a "Federal Reserve bank," 12 U.S.C. §§ 221, 225, with its principal place of business in New York County.

12.      There is an actual controversy between the parties, and a declaration of the rights and legal relations between them would clarify the issues and offer relief from uncertainty. Accordingly, the Court has jurisdiction to enter declaratory relief pursuant to 28 U.S.C. § 2201.

13.      The Court has personal jurisdiction over Defendants, as the Order Compelling Production concerns documents and witnesses located in New York County, and requires performance in New York County.  Further, the Order Compelling production purports to order

4

actions by federal instrumentality acting within the scope of its duties pursuant to federal statute. Such matters are beyond the reach of state laws, and therefore state courts.  *See Starr*, 2014 WL 305185 at *3 (collecting authority).  Additionally, the Federal Reserve Act provides that all matters involving Federal Reserve Banks are committed to the jurisdiction of the federal courts. *See* 12 U.S.C. § 632.

14.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to the Bank's claim occurred in New York County.

## FACTUAL ALLEGATIONS

15.     The New York Fed received the Florida Subpoena on January 22, 2013.  *See* Ex. A.  The New York Fed is not a party to the underlying litigation, *Tatlici v. Tatlici*, and has no connection with any party.

16.     The Florida Subpoena seeks records of wire transfers over Fedwire Funds and deposition testimony from a New York Fed custodian.  Fedwire Funds is a real-time gross settlement payment system, owned and operated by the twelve Federal Reserve Banks collectively, that permits financial institutions to effect funds transfers.  The volume of Fedwire Funds transactions is substantial.  Between 2008 and 2012, an average of 131 million transactions occurred through Fedwire each year (for an average annual volume of more than $750 trillion).  To put that another way, more than $2 trillion is transferred over Fedwire Funds on an average day.

17.     Because the volume of Fedwire Funds transfers is so large, searching for records presents a significant burden and expense on the New York Fed.  And given that information about a particular funds transfer is readily available from the commercial banks standing on

either side of the transaction, the New York Fed does not search the Fedwire system except in response to criminal or administrative subpoenas.

18.     By letter dated February 4, 2013, counsel for the New York Fed objected to the Florida Subpoena on a variety of grounds, most notably that the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County lacks personal jurisdiction over the New York Fed – an entity that has no presence in Florida and does no business there.

19.     After over three months of silence, and seeming to concede that the Florida Subpoena was invalid, Plaintiff invoked a procedure available under CPLR § 3119 and served the New York Subpoena on May 10, 2013.  The New York Fed properly objected to the New York Subpoena by letters dated May 13 and 28, 2013.

20.     Over a period of nearly six months, the New York Fed attempted to accommodate Plaintiff's request for responsive information without undertaking the unnecessary burden, expense, and inconvenience of producing a witness for deposition.

21.     First, the New York Fed's counsel conducted a search for responsive Fedwire Funds records (despite a longstanding policy against such searches for civil subpoenas) and orally provided all information regarding the ***single responsive wire*** to counsel for the *Tatlici* plaintiff so that he could request the record from the commercial banks that processed the transaction.  Commercial banks have elaborate systems in place to search wire transfer records and ***routinely produce such records to civil litigants***.

22.     Second, counsel for the New York Fed offered on October 8, 2013 to provide a copy of the record in question together with a sworn affidavit of authenticity under an appropriate protective order.

23.     Counsel for the *Tatlici* plaintiff declined each and every offer and continued to demand a deposition.  He claimed to have "various reasons" for wanting to depose a witness, including that business records are not admissible in Florida unless accompanied by deposition testimony (which appears not be the case, *see* FLA. STAT. ANN. §§ 90.803(6), 90.902(11)).  On December 19, 2013, the New York Fed's counsel regretfully informed him that an impasse had been reached and he should seek relief from an appropriate court.

24.     After threatening repeatedly to sue in New York to enforce the New York Subpoena, which would have been the proper next step under CPLR § 3119, Plaintiff instead filed a motion to compel in the Circuit Court for the Fifteenth Judicial Circuit in and for Palm Beach County on December 23, 2013.  The return date was January 21, 2014.  *See* Ex. D.

25.     Counsel for the New York Fed restated the Bank's position that the Circuit Court for the Fifteenth Judicial Circuit in and for Palm Beach County lacked personal jurisdiction and represented that the New York Fed would not appear on January 21, 2014.  The New York Fed's counsel asked Tatlici plaintiff's counsel to withdraw the pending motion to compel and refile it in a New York Court.  He declined to do so.

26.     The New York Fed filed a Notice of Removal in this Court pursuant to 12 U.S.C. § 632 and § 1441 on January 15, 2014, seeking an appropriate venue in which to litigate the discovery dispute on the merits.

27.     On information and belief, Defendant Judge Colin held a hearing on Plaintiff's motion to compel on January 21, 2014.  The New York Fed did not appear.  According to a subsequent email from the *Tatlici* plaintiff's counsel, Judge Colin indicated that he would grant the motion to compel.

28.     Counsel for the New York Fed sent a letter to Judge Colin on January 23, 2014, outlining the Bank's jurisdictional objections and respectfully requesting that he reconsider his to grant the motion to compel.  *See* Ex. E.

29.     On February 5, 2014, counsel for the *Tatlici* plaintiff served a signed copy of the Order Compelling Production.  It was dated January 29, 2014 and ordered the New York Fed to produce a witness for deposition within 20 days (*i.e.* by February 18, 2014).  *See* Ex. A. Following entry of the Order Compelling Production, the New York Fed voluntarily withdrew the Notice of Removal that had been filed in this Court.

**COUNT I**
**(DECLARATORY JUDGMENT PURSUANT TO 28 U.S.C. § 2201)**

30.     The allegations in paragraphs 1 through 29 are incorporated by reference as though fully set forth herein.

31.     As a result of the Order Compelling Production, the New York Fed has suffered injury including significant uncertainty about its legal rights and remedies and the risk of further adverse orders or judgments in the Circuit Court for the Fifteenth Judicial Circuit.

32.     Declaratory relief would clarify the rights and relations of the parties, relieve the legal uncertainty, and resolve the controversy.

## PRAYER FOR RELIEF

WHEREFORE, the New York Fed respectfully requests that the Court:

i.   Declare that the January 29, 2014 order of the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County is without legal effect as to the New York Fed because the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County lacks personal jurisdiction over the New York Fed and has no subject matter jurisdiction over a federal instrumentality conducting activities pursuant to a federal statute; and

ii.  Order such other relief as the Court may determine to be just and proper.

Dated: New York, New York
       February 19, 2014

Respectfully submitted,

FEDERAL RESERVE BANK OF NEW YORK

By: _____

David G. Sewell (DS6842)
Counsel

Federal Reserve Bank of New York
33 Liberty Street
New York, NY  10045
(212) 720-5344 (t)
(212) 720-8709 (f)
david.sewell@ny.frb.org

**Attorney for Plaintiff Federal Reserve Bank of New York**

9

# EXHIBIT A

IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT, IN
AND FOR PALM BEACH COUNTY,
FLORIDA

PROBATE DIVISION

Mehmet Tatlici,

          Plaintiff,

vs.

Nurten Tatlici and Ugur Tatlici,

          Defendant.

_____/

File Number: 502009CP001185
Division: IY

CASE NO. 50 2009 CA 030873 XXXXMB
AD

Consolidated Cases

## ORDER ON PLAINTIFF'S MOTION TO COMPEL FEDERAL RESERVE BANK OF NEW YORK TO ATTEND ITS DEPOSITION AND PRODUCE DOCUMENTS IN ACCORDANCE WITH SUBPOENA DUCES TECUM

THIS MATTER came before the Court on January 21, 2014 concerning Plaintiff's

Motion To Compel Federal Reserve Bank of New York to Attend its Deposition and Produce

Documents in accordance with the Subpoena Duces Tecum, and the Court having heard

argument of Counsel, it is hereby:

ORDERED AND ADJUDGED:

1.    The Plaintiff's Motion is hereby Granted.

2    The court finds that the witness was served with both a subpoena issued by this

    Florida court and a separate subpoena issued by the court in New York County,

    New York and that the witness had proper notice of the deposition that had been

    set in June, 2013.

3.    The court has been advised at the hearing that subsequent to service and receipt of

    the subpoena, the Federal Reserve Bank of New York filed a document entitled

notice of removal of the motion to compel at issue with this court.  The document

reflects that it was filed pursuant to 28 USC 1331 and 28 USC 1441.  This notice

of removal attempts to remove the motion to compel to a Federal Court in the

Southern District of New York.   The Federal Reserve Bank of New York thus

argues that this court lacks jurisdiction to consider the motion to compel based on

this filing.

4.      28 USC 1446(a) sets for the procedure for removal of a civil actions filed pursuant

to 28 USC 1441 as follows:

(a) Generally. A defendant or defendants desiring to remove any civil action from
a State court shall file in the district court of the United States for the district and
division within which such action is pending a notice of removal signed pursuant
to Rule 11 of the Federal Rules of Civil Procedure and containing a short and
plain statement of the grounds for removal, together with a copy of all process,
pleadings, and orders served upon such defendant or defendants in such action.

5.      The Federal Reserve Bank of New York has not provided this court with any

evidence that it ever filed a notice of removal signed pursuant to Rule 11 of the

Federal Rules of Civil Procedure in the Southern District of Florida, which is the

district court for where this action is pending in accordance with 28 USC 1446(a).

For this reason, the court finds that it retains subject matter jurisdiction over the

matter.

6.      As a result, and further as a result of the Federal Reserve's Bank failure to attend

the deposition set by the Plaintiff in June, 2013 this court hereby grants the

Plaintiff's Motion to Compel as it would relate to the Florida subpoena served

upon the Federal Reserve Bank of New York by the Plaintiff.  This court makes

no finding as to the subpoena issued by the clerk of courts from New York County

in the state of New York. *ALSO, THERE WAS NO MOTION FOR PROTECTIVE ORDER FILED IN THIS CAUSE BY THE DEPONENT.*

7.    This court orders that the witness appear at its deposition as set forth in the

subpoena and further complies with all requests therein for document production

within twenty (20) days from the execution of this order.


DONE AND ORDERED in Chambers, at Palm Beach County, Florida, this _29_ day of
_____JAN_____, 2014.

_____

Circuit Court Judge

Copies furnished to:
All counsel of Record
David Sewel, Esq.:  david.sewell@ny.frb.org

As counsel for Federal Reserve Bank of New York

# EXHIBIT B

From Downs Law Group                    305 448 0773              01/22/2013 18:29   #202 P.009/006

IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT, IN AND
FOR PALM BEACH COUNTY, FLORIDA

PROBATE DIVISION

Mehmet Tatlici,

        Plaintiff,

vs.

Nurten Tatlici and Ugur Tatlici,

        Defendant.

File Number: 502009CP001185XXXXSB
Division: IY

CASE NO. 50 2009 CA 030873 XXXXMB
AD

Consolidated Cases

## NOTICE OF TAKING DEPOSITION DUCES TECUM

TO:    Peter A. Sachs, Esq.
       psachs@jones-foster.com

PLEASE TAKE NOTICE that the undersigned attorneys will take the deposition of:

| | | |
|---|---|---|
| **NAME** | : | Records Custodian of Federal Reserve Bank of New York |
| **DATE** | : | February 12, 2013 |
| **TIME** | : | 10:00 a.m. |
| **PLACE** | : | Whispering Woods Center |
| | | 7401 Wiles Rd., Suite 103 |
| | | Coral Springs, FL 33067 |

upon oral examination before US Legal, a Notary Public, or any other officer authorized by law to take depositions in the State of Florida. The oral examination will continue from day to day until completed and is being taken for the purpose of discovery, for use at trial and/or for such other purposes as are permitted under Florida law and/or Rule, including pursuant to Rule 1.390, formerly Section 90.23, Fla. Stat., *see, e.g. Owca v. Zemzicki*, Fla.App.1962, 137 So.2d 876.

When you appear, you are to have the following items with you:

1.    Copies of any and all documents in the possession, custody or control of the Federal Reserve Bank evidencing any an all FEDWIRE monetary wire transfers made by Mehmet Tatlici, Mehmet S. Tatlici or Salih Tatlici in the past seven years.

2.    Copies of any and all documents in the possession, custody or control of the Federal Reserve Bank evidencing any and all FEDWIRE monetary wire transfers received by Mehmet Tatlici, Mehmet S. Tatlici or Salih Tatlici in the past seven years.

3.  Copies of any and all documents in the possession, custody or control of Federal Reserve Bank evidencing any an all FEDWIRE monetary wire transfers made by Mehmet Tatlici, Mehmet S. Tatlici or Salih Tatlici in the past seven years to either Ugur Tatlici or Nurten Tatlici.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was emailed this ⟍⟍²²⟍⟍ day of January, 2013, to the above addressee(s).

Downs Law Group, P.A.
3250 Mary Street, Suite 307
Coconut Grove, FL 33133
(305) 444-8226

Jeremy D. Friedman, Esq.
Florida Bar#134643

# EXHIBIT C

STATE OF NEW YORK
COUNTY OF NEW YORK

COUNTY CLERK LOG NO. _____

SUBPOENA
(Pursuant to the Uniform Interstate
Deposition and Discovery Act and
CPLR §3119)

Mehmet Tatlici,

        Plaintiff,

vs.

Nurten Tatlici and Ugur Tatlici,

        Defendant.

_____/

Originating State: ____FLORIDA____
Originating County:___Palm Beach___
Originating Court:
Originating Case Number:
   ___502009CA030873XXXXMBAD___

## SUBPOENA DUCES TECUM FOR DEPOSITION
### Pursuant to the Uniform Interstate Discovery Act
### Personal Attendance Required

TO:   Records Custodian of the Federal Reserve Bank of New York
       33 Liberty Street
       New York, NY 10045

     YOU ARE COMMANDED to appear before a person authorized by law to take depositions at US Legal Services located at 425 Park Avenue, 5th Floor, New York, NY 10022 on May 15, 2013 at 10:00 a.m., for the taking of your deposition in this action. If you fail to appear, you may be in contempt of court.

When you appear, you are to have the following items with you:

1.    Copies of any and all documents in the possession, custody or control of the Federal Reserve Bank evidencing any and all FEDWIRE monetary wire transfers made by Mehmet Tatlici, Mehmet S. Tatlici. Salih Tatlici, Ugur Tatlici or Nurten Tatlici in the past seven years.

2.    Copies of any and all documents in the possession, custody or control of the Federal Reserve Bank evidencing any and all FEDWIRE monetary wire transfers received by Mehmet Tatlici, Mehmet S. Tatlici. Salih Tatlici, Ugur Tatlici or Nurten Tatlici in the past seven years.

You are subpoenaed to appear by the following attorneys and unless excused from this subpoena by these attorneys or the court, you shall respond to this subpoena as directed.

DATED this 26 day of February, 2013

> DOWNS LAW GROUP, P.A.
> 3250 Mary St. Suite 307
> Coconut Grove, FL 33133
> Telephone No.: (305) 444-8226
> Facsimile No.: (305)444-6773
> Jfriedman@downslawgroup.com
>
> Jeremy D. Friedman, Esq.
> Florida Bar No.: 134643
>
> The Honorable Norman Goodman
>
> New York County Clerk
>
> NORMAN GOODMAN
> COUNTY CLERK AND
> CLERK OF THE SUPREME COURT
> NEW YORK COUNTY

IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT, IN AND
FOR PALM BEACH COUNTY, FLORIDA

PROBATE DIVISION

Mehmet Tatlici,

      Plaintiff,

vs.

Nurten Tatlici and Ugur Tatlici,

      Defendant.

_____/

File Number: 502009CP001185XXXXSB
Division: IY

CASE NO. 50 2009 CA 030873 XXXXMB
AD

Consolidated Cases

## SUBPOENA DUCES TECUM FOR DEPOSITION

THE STATE OF FLORIDA

TO:    Records Custodian of the Federal Reserve Bank of New York
       33 Liberty Street
       New York, NY 10045

      YOU ARE COMMANDED to appear before a person authorized by law to take depositions at US Legal Services located at 425 Park Avenue, 5th Floor, New York, NY 10022 on May 15, 2013 at 10:00 a.m., for the taking of your deposition in this action.  If you fail to appear, you may be in contempt of court.

When you appear, you are to have the following items with you:

    1.     Copies of any and all documents in the possession, custody or control of the Federal Reserve Bank evidencing any and all FEDWIRE monetary wire transfers made by Mehmet Tatlici, Mehmet S. Tatlici. Salih Tatlici, Ugur Tatlici or Nurten Tatlici in the past seven years.

    2.     Copies of any and all documents in the possession, custody or control of the Federal Reserve Bank evidencing any and all FEDWIRE monetary wire transfers received by Mehmet Tatlici, Mehmet S. Tatlici. Salih Tatlici, Ugur Tatlici or Nurten Tatlici in the past seven years.

You are subpoenaed to appear by the following attorneys and unless excused from this subpoena by these attorneys or the court, you shall respond to this subpoena as directed.


DATED this _26_ day of February, 2013


DOWNS LAW GROUP, P.A.
3250 Mary St. Suite 307
Coconut Grove, FL 33133
Telephone No.: (305) 444-8226
Facsimile No.: (305)444-6773
Jfriedman@downslawgroup.com


Jeremy D. Friedman, Esq.
Florida Bar No.: 134643

IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT, IN AND
FOR PALM BEACH COUNTY, FLORIDA

PROBATE DIVISION

File Number: 502009CP001185XXXXSB
Division: IY

Mehmet Tatlici,

      Plaintiff,

vs.

Nurten Tatlici and Ugur Tatlici,

      Defendant.

_____/

CASE NO. 50 2009 CA 030873 XXXXMB
AD

## NOTICE OF TAKING DEPOSITION DUCES TECUM

TO:   Peter A. Sachs, Esq.
      Jones, Foster, Johnston & Stubbs, P.A.
      505 South Flagler Drive, Suite 100
      West Palm Beach, FL  33401

    PLEASE TAKE NOTICE that the undersigned attorneys will take the deposition of:

| | | |
|---|---|---|
| **NAME** | : | Records Custodian of the Federal Reserve Bank of New York |
| **DATE** | : | May 15, 2013 |
| **TIME** | : | 10:00 a.m. |
| **PLACE** | : | 425 Park Ave., 5th Floor |
| | | New York, NY 10022 |

upon oral examination before US Legal, a Notary Public, or any other officer authorized by law to take depositions in the State of Florida. The oral examination will continue from day to day until completed and is being taken for the purpose of discovery, for use at trial and/or for such other purposes as are permitted under Florida law and/or Rule, including pursuant to Rule 1.390, formerly Section 90.23, Fla. Stat., *see, e.g., Owca v. Zemzicki*, Fla.App.1962, 137 So.2d 876.

The deponent is to have with him/her at said time and place the following items:

1. Copies of any and all documents in the possession, custody or control of the Federal Reserve Bank evidencing any and all FEDWIRE monetary wire transfers made by Mehmet Tatlici, Mehmet S. Tatlici. Salih Tatlici, Ugur Tatlici or Nurten Tatlici in the past seven years.

2. Copies of any and all documents in the possession, custody or control of the Federal Reserve Bank evidencing any and all FEDWIRE monetary wire transfers received by Mehmet Tatlici, Mehmet S. Tatlici. Salih Tatlici, Ugur Tatlici or Nurten Tatlici in the past seven years.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was emailed this 11 day of March, 2013, to the above-named addressee.

> Jeremy D. Friedman, Esq.
> Downs Law Group, P.A.
> 3250 Mary Street, Suite 307
> Coconut Grove, FL 33133
> (305) 444-8226
> Attorney for Plaintiff
>
> __/s/ Jeremy Friedman_____
> Jeremy D. Friedman
> Florida Bar#134643

# EXHIBIT D

IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT, IN
AND FOR PALM BEACH COUNTY,
FLORIDA

PROBATE DIVISION

Mehmet Tatlici,

        Plaintiff

vs.

Nurten Tatlici and Ugur Tatlici,

        Defendant

File Number: 502009CP001185
Division: IY

CASE NO. 50 2009 CA 030873 XXXXMB
AD

Consolidated Cases

## PLAINTIFF'S MOTION TO COMPEL FEDERAL RESERVE BANK OF NEW YORK TO ATTEND ITS DEPOSITION AND PRODUCE DOCUMENTS IN ACCORDANCE WITH THE SUBPOENA DUCES TECUM

COMES NOW, the Plaintiff, Mehmet Tatlici, by and through undersigned counsel, and files this, his Motion to Compel Attendance by Federal Reserve Bank of New York to attend its deposition and produce documents in accordance with the subpoena duces tecum and in support would state as follows:

1.    On or about May, 2013 the Plaintiff served a subpoena upon the Federal Reserve Bank of New York to attend its deposition and produce certain records related to the decedent as set forth therein.

2.    In order to properly serve the witness, the Plaintiff had a Florida subpoena issued and thereafter sent it to the clerk of courts in New York. The clerk of courts then issued a duplicate subpoena to that which was prepared from the case pending in Palm Beach County, Florida.

3.    The Plaintiff then served *both* the Florida subpoena and the New York Subpoena upon the witness, Federal Reserve Bank of New York.

4.     The deposition was initially set for May 15, 2013.  However, it was changed by the Plaintiff to June 17, 2013 to permit the witness to gather up the requested documents.

5.     However, in May, 2013, the witness contacted the Plaintiff and advised him that it would not be attending the deposition nor would it produce any documents.  It gave no valid reason as to why it would not comply.  Rather, it simply said in effect that the documents in the possession of the New York Federal Reserve Bank should be obtained by the Plaintiff from other sources.

6.     The witness, however, failed to file or serve any formal objection to either the Florida subpoena or the New York Subpoena.  It did not offer any formal challenge to service of the subpoena, jurisdiction, or any other deficiency related thereto.

7.     After attempting to negotiate a resolution and have the witness appear, the Plaintiff re-noticed the deposition of the witness to January 30, 2013.

8.     On December 19, 2013 the witness stated that it's position was that a deposition of a representative of the bank was "unnecessary and improper."  It further stated that it would not be attending the deposition as scheduled on January 30, 2013.

9.     As a result, the Plaintiff moves herein to compel third party witness Federal Reserve Bank of New York to attend its deposition with the documents requested in New York on January 30, 2013.

10.    As stated above, there has been no challenge to the deposition by the Federal Reserve Bank of New York other then a claim that such a deposition is "unnecessary" to our case.  However, the opinion of this witness as to the relevance of the information to the case at bar is not a valid basis for its refusal to comply therewith.

11. The Plaintiff has made every effort and accommodation to this witness to get it to comply. The witness has information concerning wire transfers made by the decedent to the United States and specifically Palm Beach County, Florida. This information is central to the case at bar and the allegations made in the pending complaint.

12. As a result, due to the fact that the witness has stated that it would not appear, and that no formal objection was made to the subpoena on or before June 17, 2013 the originally scheduled date of the deposition, the Plaintiff would request that this court compel the witness to attend its deposition as currently scheduled in January 30, 2013 and to bring the documents in its possession as requested therein.

WHEREFORE, the Plaintiff requests that the court compel the Federal Reserve Bank of New York to attend the deposition in accordance with the terms as stated above and for any additional relief this court deems just and proper.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing has been furnished by electronic mail this 23rd day of December, 2013, to: Peter A. Sachs, Esq., psachs@jonesfoster.com, and Elizabeth K. Ehrlich, Esq., Eehrlich@jonesfoster.com. 505 South Flagler Drive, Suite 1100 West Palm Beach, Florida 33401

THE DOWNS LAW GROUP
3250 Mary ST., Suite 307
Coconut Grove, FL 33133
Office No.: (305) 444-8226
Facsimile No.: (305) 444-6773
Attorney for Plaintiff
Jfriedman@downslawgroup.com

___s/ Jeremy D. Friedman_____
Jeremy D. Friedman, Esq.
Florida Bar#134643

# EXHIBIT E

# FEDERAL RESERVE BANK *of* NEW YORK

33 LIBERTY STREET, NEW YORK, NY 10045-0001

DAVID G. SEWELL
COUNSEL

January 23, 2014

## BY OVERNIGHT FEDERAL EXPRESS AND FAX TO (561) 274-1454

The Honorable Martin H. Colin
Circuit Court for the Fifteenth Judicial Circuit
   in and for Palm Beach County – Probate Division
200 West Atlantic Avenue, Courtroom 8
Delray Beach, FL 33444

> Re: *Mehmet Tatlici v. Nurten Tatlici and Ugur Tatlici*
>     Case No. 09-030873

Dear Judge Colin:

    I represent Third-Party Respondent Federal Reserve Bank of New York (the "New York Fed") in the above-referenced matter. I understand from counsel for Plaintiff that at a hearing on January 21, 2014, Your Honor granted a motion to compel the New York Fed to produce documents and a witness for deposition. I write, respectfully, to explain our position that this Court is without jurisdiction over the New York Fed and to request that Your Honor reconsider and vacate the January 21st Order. Please note that this letter does not constitute an appearance, general or special, by the New York Fed, and that by sending this letter, the New York Fed is not waiving any jurisdictional defenses.

    At the outset I wish to note that the New York Fed regrets that the Court's time and resources are being consumed by this dispute. It is an issue counsel for Plaintiff should have presented to a court in New York for resolution. By bringing it before Your Honor, Plaintiff's counsel has caused significant delay and expense to all parties, and placed an unnecessary and avoidable burden on this Court. We stand ready to litigate this dispute on the merits in a court of competent jurisdiction and seek only to bring this matter before such a court.

## BACKGROUND

### 1. The New York Fed

    The New York Fed is one of twelve Federal Reserve Banks within the Federal Reserve System. Together with the Board of Governors of the Federal Reserve System, and the Federal Open Markets Committee, the Reserve Banks are components of the central bank of the United States. Federal Reserve Banks serve several public functions. They execute the monetary policy of the United States, supervise and regulate banks and other financial institutions, and provide banking services to financial institutions in their respective geographic areas and to the United States government.

T 212.720 5344 | F 212.720.8709 | E david.sewell@ny.frb.org | W www.newyorkfed.org

The Honorable Martin H. Colin
January 23, 2014
Page 2

The twelve Federal Reserve Banks are located across the country and each is responsible for a particular geographic area. The New York Fed has its headquarters in Manhattan (and a satellite facility in northern New Jersey) and serves the Second Federal Reserve District, which includes all of New York state, portions of New Jersey and Connecticut, Puerto Rico, and the U.S. Virgin Islands. The New York Fed's activities occur only in those jurisdictions. The New York Fed has no offices or employees in Florida, conducts no business there, and has no contacts with the state whatsoever.

Like all Federal Reserve Banks, the New York Fed is an unusual legal entity. It is a federally-chartered corporation pursuant to the Federal Reserve Act of 1913, 12 U.S.C. §§ 221 *et seq.*, performs certain governmental functions under delegated authority from the Board of Governors of the Federal Reserve System, a federal agency, and provides myriad services to and on behalf of the federal government. But the New York Fed is not a federal or state agency. It is a self-funded, private corporation, owned by shareholder banks and operating under the "supervision and control" of an independent board of directors. *See* 12 U.S.C. § 301.

## 2.  The Current Dispute

Plaintiff seeks records and testimony regarding a wire transfer that occurred over the Fedwire Funds Transfer Service (hereinafter "Fedwire Funds") in 2008. Fedwire Funds is a real-time gross settlement payment system, owned and operated by the twelve Federal Reserve Banks collectively, that permits financial institutions to effect funds transfers. The volume of Fedwire Funds transactions is substantial. In 2008, the year of the transfer in question, more than 131 million transactions occurred through the service with an aggregate volume of more than $750 trillion. In 2012, Fedwire Funds processed nearly 132 million transactions worth a total of $599 trillion. To put that another way, more than $2 trillion is typically transferred over Fedwire Funds on an average day.

Because the volume of Fedwire Funds transfers is so large, searching for records presents a significant burden and expense on the New York Fed. And given that information about a particular funds transfer is *readily available from the commercial banks standing on either side of the transaction*, the New York Fed does not search the Fedwire system except in response to criminal or administrative subpoenas.

By his counsel, Plaintiff served a subpoena issued from this Court on the New York Fed on January 22, 2013 (the "Florida Subpoena") seeking documents and deposition testimony from a records custodian. In telephone conversations and by letter dated February 4, 2013, counsel for the New York Fed objected to the Florida Subpoena on a variety of grounds, most notably that this Court lacks personal jurisdiction over the New York Fed – an entity that has no presence in Florida and does no business there.

After over three months of silence, and seeming to concede that the Florida Subpoena was invalid, Plaintiff invoked a procedure available under New York Civil Practice Law and Rules ("CPLR") section 3119 and served a second subpoena on the New York Fed on May 10, 2013 (the "New York Subpoena"). Apart from the issuing court and relevant dates, the New York Subpoena was substantially the same as the Florida Subpoena. The New York Fed properly objected to the New York Subpoena by letters dated May 13 and 28, 2013.

The Honorable Martin H. Colin
January 23, 2014
Page 3

Nevertheless, in an effort to accommodate Plaintiff's request while maintaining its objections to the New York Subpoena, counsel for the New York Fed subsequently ordered a search for responsive records in the Fedwire Funds database. Counsel for the New York Fed provided *all relevant information* regarding the single record that appears to be responsive in telephone conversations with Plaintiff's counsel in July and August 2013. We did this so that Plaintiff could request copies of the records from the relevant commercial banks, which routinely search and produce their Fedwire Funds records in civil litigation. Plaintiff's counsel claims to have made efforts to locate the information from those banks, but has provided no evidence in support of that claim.

Three months later, in October 2013, claiming not to have located records at the commercial banks we identified for him, Plaintiff's counsel renewed his request for the production of documents and a witness at deposition. Again apparently conceding that this Court lacks personal jurisdiction over the New York Fed, counsel for Plaintiff represented that he had retained New York counsel and was prepared to file a complaint in the Supreme Court of New York compelling production. He forwarded a draft of the complaint on October 4, 2013. It states, among other things, that jurisdiction is proper in the Supreme Court of New York because the New York Fed "maintains its principal place of business in New York [and] does business in New York."

The New York Fed responded by renewing its objections to the New York Subpoena, and especially to Plaintiff's request for a deposition. In a final effort to accommodate Plaintiff, however, the New York Fed offered on October 8, 2013 to provide a copy of the Fedwire Funds record in question together with a sworn affidavit of authenticity under an appropriate protective order. Plaintiff's counsel waited more than two months to respond, only to return on December 17, 2013 renewing his request for a deposition.[1] He claimed that he had "various reasons" for wanting to depose a witness, including that business records are not admissible in Florida unless accompanied by deposition testimony.

By emails and letter dated December 19, 2013, I renewed our objections to the New York Subpoena, especially as to its request for a deposition. I further expressed my regret that our many efforts to accommodate Plaintiff had failed and that we appeared to be heading toward unnecessary litigation. Instead of bringing suit in New York, as he said he would, Plaintiff's counsel served the instant Motion to Compel on December 23, 2013.

On January 15, 2014, the New York Fed filed a Notice of Removal in the United States District Court for the Southern District pursuant to the Federal Reserve Act, 12 U.S.C. § 632, and the federal removal statute, 28 U.S.C. §§ 1441 *et seq.* Pursuant to 28 U.S.C. § 1446(d), and in accordance with instructions provided by the Clerk of the Circuit Court for the Fifteenth Judicial Circuit in and for Palm Beach County, Probate Division, I sent a copy of the Notice of

---

[1] The Deposition Notice served on December 17, 2013 was issued under authority of this Court. When I pointed out to counsel for Plaintiff that this Court does not have personal jurisdiction over the New York Fed, he represented that the Deposition Notice was served pursuant to the New York Subpoena. This is not apparent from the face of the document or from the instant Motion to Compel, which refers to both the New York Subpoena and the Florida Subpoena.

Removal to the Court by Federal Express overnight delivery.  I also served copies of the Notice
on all counsel of record.

## DISCUSSION

Respectfully, this Court should reconsider and vacate its Order granting Plaintiff's
Motion to Compel for at least three reasons.

First, the Court lacks personal jurisdiction over the New York Fed.  As described above,
the New York Fed is located in New York and New Jersey and conducts business in those states
as well as Connecticut, Puerto Rico, and the U.S. Virgin Islands.  It has no offices or employees
in Florida and no contacts within the state.  Personal jurisdiction does not exist absent a
"substantial connection" between the party and the forum based on "an action of the [party]
purposefully directed toward the forum State." *Asahi Metal Industry Co. v. Superior Court of
California, Solano County*, 480 U.S. 112 (1987).  Such a connection simply does not exist here.

Second, because this Court lacks personal jurisdiction, the procedure outlined in CPLR
3119 provides the only possible basis on which Plaintiff could take discovery from the New
York Fed.  Section 3119 codifies the Uniform Interstate Depositions and Discovery Act and sets
forth procedures for enforcing out-of-state subpoenas on entities within the state.  Its plain
language states that "[a]n application to the court . . . to enforce, quash, or modify a subpoena
issued under this section must comply with the rules or statutes of this state and be submitted to
the court in the county in which discovery is to be conducted."  CPLR § 3119(e).

Not surprisingly given the statutory text, New York courts have held uniformly that a
subpoena issued under section 3119 can be enforced only in New York.  *See, e.g., Hyatt v. State
Franchise Tax Bd.*, 962 N.Y.S.2d 282, 293 (N.Y. App. Div. 2013) (noting that under the
Uniform Interstate Depositions and Discovery Act, "motions to quash, enforce, or modify a
subpoena issued pursuant to the Act shall be brought in and governed by the rules in the
discovery state").

In sum, under CPLR section 3119, Plaintiff's effort to enforce the New York Subpoena,
which seeks testimony *from a witness located in New York* and documents *maintained in New
York*, can only proceed in a New York court.

Third, the Federal Reserve Act provides that matters to which Federal Reserve Banks are
a party are "deemed to arise under the laws of the United States, and the district courts of the
United States shall have original jurisdiction. . ." 12 U.S.C. § 632.  Accordingly, on January 15,
2014, I filed a Notice of Removal in the United States District Court for the Southern District of
New York pursuant to 12 U.S.C. §§ 1331 and 1446, removing the action to that court insofar as
it concerns the New York Fed.  In accordance with 12 U.S.C. § 1446(d), I provided notice to the
Court and counsel of record.

Under the federal removal statute, the filing of a notice of removal relieves a state court
of jurisdiction.  *See* 28 U.S.C. § 1446(d) (filing written notice of removal with the clerk of the
court where matter is pending "shall effect the removal and the State court shall proceed no
further unless and until the case is remanded"); *see also* 16-107 MOORE'S FEDERAL PRACTICE-
CIVIL § 197.31(2) (3d ed. 1999) ("Once a copy of the notice of removal is filed with the clerk of

The Honorable Martin H. Colin
January 23, 2014
Page 5

the state court in which the action is pending, the state court is divested of jurisdiction.  The state court must stop all proceedings unless and until the case is remanded.  Any state court action after the filing of the removal notice is void *ab initio* even if the case is subsequently remanded because the initial removal was improper."); *Ackerman v. ExxonMobil Corp.*, 734 F.3d 237, 249 (4th Cir. 2013) ("§ 1446(d) explicitly states that 'the State court shall proceed no further' once removal is effected . . . [and thus] the statute deprives the state court of further jurisdiction over the removed case and [] any post-removal actions taken by the state court in the removed case action are void *ab initio*.").

I understand from Plaintiff's counsel that Your Honor agreed with his position that the removal notice is invalid.  Respectfully, we submit that the validity of a removal notice is an issue committed exclusively to the federal courts, and one we will litigate in the Southern District of New York if necessary.  *See, e.g. Medrano v. State of Texas*, 580 F.2d 803, 804 (5th Cir. 1978) ("Regardless of the merits of the [removal] petition, [the removal statute] clearly requires that the state stop all proceedings, once notice is given, until a determination on the merits of the petition for removal is made in federal court."); *U.S. ex rel. Echevarria v. Silberglitt*, 441 F.2d 225, 227 (2d Cir.1971) (the purpose of filing a petition for removal with the clerk of the state court "is to inform the state judge that he can no longer proceed with the case until the federal court decides whether it will retain jurisdiction or not") (citation omitted); *Linden v. Chase Manhattan Corp.*, 52 F. Supp. 2d 387, 388 (S.D.N.Y. 1999) (citing *Echevarria*).  Indeed, vesting state courts with the power to invalidate a removal notice would defeat a central purpose of the removal statute:  enabling parties to avail themselves of federal jurisdiction where it properly exists.  Only a federal court can make that determination.

Accordingly, for all these reasons, the New York Fed respectfully requests that Your Honor reconsider and vacate the Order entered January 21st.  In closing, I wish to emphasize again that the New York Fed regrets that this procedural dispute has come before Your Honor rather than in New York where it belongs.

I thank you for your consideration and would be pleased to answer any questions you might have.

Respectfully submitted,

David G. Sewell
Counsel

cc:    Jeremy Friedman, Esq. (counsel of record for Plaintiff)
       Peter Sachs, Esq. (counsel of record for Defendants)